# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Ray Washington, ) | No. CV 07-0008-PHX-JAT (ECV) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Dora Schriro, et al., ) | |
| Respondents. ) | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Petitioner Johnny Ray Washington has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges his state court convictions for aggravated assault and kidnaping. Doc. #1.

## BACKGROUND

Following a jury trial in Maricopa County Superior Court in 2002, Petitioner was convicted of one count of aggravated assault and one count of kidnaping. Doc. #12, Exh. E at 40. The convictions arose from an incident in which Petitioner assaulted the victim, his wife, at their apartment on April 2, 2001, and subsequently prevented her from leaving the apartment. At the sentencing hearing on March 12, 2002, the trial court imposed an aggravated term of 15 years in prison for the aggravated assault and a concurrent term of 15 years for the kidnaping. Doc. #12, Exh. F at 32. Petitioner, through counsel, filed a direct appeal and on April 24, 2003, the Arizona Court of Appeals affirmed the convictions and

sentences in a Memorandum Decision. Doc. #12, Exh. O. Petitioner filed a petition for review in the Arizona Supreme Court which was denied on October 28, 2003. Doc. #12, Exh. P, Q.

On November 7, 2003, Petitioner filed a Notice of Post-Conviction Relief and requested appointment of counsel. Doc. #12, Exh. R. Petitioner's appointed counsel subsequently filed a notice stating that he had reviewed the record and was unable to find any colorable claims for relief to raise in a petition for post-conviction relief. Doc. #12, Exh. S. He requested an extension of time for Petitioner to file a *pro se* petition. Id. Petitioner filed a *pro se* Petition for Post-Conviction Relief in the trial court on August 17, 2004. Doc. #12, Exh. T. The trial court denied the petition in a Minute Entry filed on October 28, 2004. Doc. #12, Exh. V. Petitioner then filed a Petition for Review to the Arizona Court of Appeals, which was denied on August 16, 2005. Doc. #12, Exh. W, X. Petitioner's subsequent Petition for Review to the Arizona Supreme Court was denied on January 23, 2006. Doc. #12, Exh. Y, Z.

Petitioner filed his Petition for Writ of Habeas Corpus in this court on January 3, 2007. Doc. #1. Petitioner alleges seven grounds for relief: (1) that his second trial, which followed a mistrial, violated the Fifth Amendment prohibition against double jeopardy; (2) that the trial court's failure to strike one of the jurors violated his Sixth Amendment right to a fair and impartial jury; (3) that the trial court provided erroneous jury instructions for aggravated assault in violation of the Due Process Clause; (4) that Petitioner's trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment; (5) that Petitioner's right to testify on his own behalf was violated; (6) that the State suppressed evidence in violation of the Fifth And Sixth Amendment; and (7) that the State knowingly used perjured testimony at his trial in violation of the Fifth Amendment. Respondents filed an Answer to Petition for Writ of Habeas Corpus on March 27, 2007. Doc. #12. Petitioner filed a "Traverse to Respondents' Answer to Petition for Writ of Habeas Corpus" on May 29, 2007. Doc. #15.

**DISCUSSION**

Respondents argue in their answer that four of the seven claims are procedurally defaulted. Regarding the other three claims, Respondents contend they should be denied on the merits.

**A.     Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989)

1  (O'Connor, J., concurring). If remedies are still available in state court, the federal court may
2  dismiss the petition without prejudice pending the exhaustion of state remedies.  Id.
3  However, if the court finds that the petitioner would have no state remedy were he to return
4  to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489
5  U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a
6  defendant's claim is procedurally defaulted when it is clear that the state court would hold
7  the claim procedurally barred).  The federal court will not consider these claims unless the
8  petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
9  his noncompliance and actual prejudice.  See Dretke v. Haley, 124 S.Ct. 1847, 1851-52
10 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722,
11 750-51 (1991);  Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

12        A procedural default may also occur when a petitioner raises a federal claim in state
13 court but the state court declines to address the claim because the petitioner failed to meet
14 a state procedural requirement. Coleman, 501 U.S. at 729-30.  In such cases, federal habeas
15 review is precluded if the state court opinion contains a plain statement clearly relying on a
16 state procedural bar that presents an independent and adequate basis for the court's decision.
17 See Harris, 489 U.S. at 263.  A state procedural default ruling is "independent" unless
18 resolution of the issue depends on a federal constitutional ruling. Ake v. Oklahoma, 470 U.S.
19 68, 75 (1985); Stewart v. Smith, 536 U.S. 856, 860 (2002).  A state's application of the bar
20 is "adequate" if it is "'strictly or regularly followed.'" Johnson v. Mississippi, 486 U.S. 578,
21 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-63 (1982)).  Moreover, even if
22 after rejecting a federal claim on procedural grounds, the state court goes on to discuss the
23 merits, the procedural bar is not eliminated.  See Harris at 264 n.10; Poland v. Stewart, 169
24 F.3d 573, 578 n.8 (9th Cir. 1998).  As with defaulted claims that were not fairly presented,
25 a federal court may still review the merits of a defaulted claim based on a state procedural
26 bar if the petitioner can establish cause and prejudice. See Coleman, 501 U.S. at 750-51.
27 ///
28 ///

- 4 -

**1.     Ground Two**

Petitioner contends in ground two that the trial court violated his Sixth Amendment right to a fair and impartial jury when it failed to remove a juror who ultimately became the foreperson. Petitioner claims that the court should have stricken the juror when he revealed that he had been a victim of kidnaping as a child, that his father was an attorney, that he had an FOP decal on his car,[1] that he had strong opinions against drinking alcohol and that he was a professional mind reader. Petitioner did not move to strike the juror for cause, nor did he use a peremptory challenge to remove the juror.

When Petitioner argued on direct appeal that the trial court should have *sua sponte* stricken or attempted to rehabilitate the juror, he did not assert a violation of the Sixth Amendment or any other federal basis for the claim. Doc. #12, Exh. N at 20-23. Petitioner relied on Rule 18.4(b) of the Arizona Rules of Criminal Procedure which provides that a court on its own initiative or on motion of a party, shall excuse a juror when there are reasonable grounds to believe the juror cannot render a fair and impartial verdict. Id. Nor did Petitioner assert a violation of the Sixth Amendment in his petition for review to the Arizona Supreme Court. Thus, Petitioner failed to fairly present his Sixth Amendment claim to the state court.

By failing to fairly present the claim in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court.[2] As a result, the claim is procedurally defaulted. In his reply, Petitioner cites numerous cases regarding fair presentation of federal claims but he says nothing about how his direct appeal fairly presented a Sixth Amendment fair an impartial jury claim. Doc. #15 at 4-8. Further, he does not allege cause for the default and actual prejudice, nor has he

---

[1] Petitioner assumes this was a Fraternal Order of Police decal, though that was never established. Doc. #12, Exh. O at 6.

[2] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

- 5 -

1  shown a miscarriage of justice to overcome the procedural default. Id. The court will
2  therefore recommend that ground two be denied.

### 2.    Ground Three

Petitioner claims in ground three that the trial court instructed the jury that simple assault is a lesser included offense of aggravated assault but failed to provide an instruction for simple assault. Petitioner further contends that the court improperly instructed the jury that intent was not an element of aggravated assault. Petitioner did not object to the instructions at trial.

Petitioner raised these alleged jury instruction errors in his direct appeal. Doc. #12, Exh. N at 24-27. Petitioner argued that the trial court committed "fundamental error" by failing to give the lesser included offense instruction for simple assault and erroneously instructing the jury that intent was not an element of aggravated assault. Id. However, Petitioner did not allege a violation of the 5th or 14th Amendment Due Process Clause, or any violation of federal law. Id. Petitioner cited only an Arizona Supreme Court case in support of his argument that "fundamental error is present when a trial judge fails to instruct on matters vital to a proper consideration of the evidence." Id. Petitioner's direct appeal contained nothing to suggest he was raising the jury instruction issue as a federal claim. Likewise, his petition for review to the Arizona Supreme Court failed to allege that the jury instructions violated federal law. Doc. #12, Exh. P at 10-11.

By failing to fairly present the claim in the state court, Petitioner has failed to exhaust his state court remedies. Moreover, as with ground two, Petitioner would no longer have a remedy if he returned to the state court. The claim is, therefore, procedurally defaulted. In his reply, Petitioner combines his analyses of grounds two and three and cites numerous cases regarding fair presentation of federal claims. However, he fails to explain how his direct appeal fairly presented the jury instructions issue as a federal claim. Doc. #15 at 4-8. Further, he does not allege cause for the default and actual prejudice, nor has he shown a miscarriage of justice to overcome the procedural default. Id. The court will therefore recommend that ground three be denied.

### 3.     **Ground Six**

Petitioner contends in ground six that the State suppressed evidence in violation of the Fifth and Sixth Amendment. Petitioner claims that police never went to the alleged crime scene to retrieve the items (vase and towel rack) he allegedly used to assault the victim. He further contends that police failed to test for blood at the scene to corroborate the victim's statements about the assault. Petitioner does not allege what provisions of the Fifth and Sixth Amendments the alleged suppression of evidence violates. In his *pro se* petition for post-conviction relief in the state court, he alleged that the failure to investigate and gather exculpatory material violated "due process" and "equal protection." Doc. #12, Exh. T at 8.[3] The court need not decide whether the claim he is presenting now was "fairly presented" to the state court because the state trial court denied the claim for failing to meet a state procedural requirement.

The trial court determined that Petitioner's claim for failing to investigate and gather exculpatory material could have been raised in his direct appeal and therefore was precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure. The court relied on a state procedural bar that presents an independent and adequate basis for the court's decision. See Stewart v. Smith, 536 U.S. 856, 860 (2002) (state court's determination under Ariz. R. Crim. P. 32.2(a)(3) was independent of federal law); Martinez Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir. 1996) (Arizona's rule of preclusion is regularly and consistently followed). The claim is therefore procedurally defaulted based on Petitioner's failure to satisfy a state procedural requirement.

Petitioner contends in his reply that his lawyer's failure to include the claim in his direct appeal constitutes cause for the default. Ineffective assistance of counsel can establish sufficient cause only when it rises to the level of an independent constitutional violation. Coleman, 501 U.S. at 755. Thus, before ineffectiveness may be used to establish cause for

---

[3] The post-conviction petition attached to Respondents' answer appears to be missing pages, preventing the court from determining if the claim in ground six was fairly presented to the state court.

- 7 -

1  a procedural default, it must have been presented to the state court as an independent claim.
2  See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) ("ineffective-assistance-of-counsel
3  claim asserted as cause for the procedural default of another claim can itself be procedurally
4  defaulted"); Murray v. Carrier, 477 U.S. at 489-90 ("the exhaustion doctrine . . . generally
5  requires that a claim of ineffective assistance be presented to the state courts as an
6  independent claim before it may be used to establish cause for a procedural default."); Tacho
7  v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (exhaustion requires petitioner to first raise
8  ineffective appellate counsel claim separately in state court before alleging it as cause for
9  default).

10  Here, Petitioner did not allege ineffective assistance of his direct appeal counsel in his
11  state post-conviction proceedings, nor has he alleged it in his habeas petition. Petitioner's
12  contention, therefore, that his appellate lawyer's ineffectiveness constitutes cause for the
13  default, is without merit. Having failed to establish cause and prejudice or a fundamental
14  miscarriage of justice, Petitioner cannot overcome the procedural default. Accordingly, the
15  court will recommend that the claim in ground six be denied.

### 4. Ground Seven

17  Petitioner claims in ground seven that the State knowingly used perjured testimony
18  in violation of the Fifth Amendment. Petitioner contends that the victim has provided
19  conflicting stories at various proceedings, and that one of the detectives provided false
20  information to the grand jury. He further claims that the State's medical expert changed his
21  testimony when he realized his initial statements regarding the age of the victim's injuries
22  did not conform to the State's version of events. Respondents state in their answer that
23  Petitioner "arguably" presented this claim in his state petition for post-conviction relief. Like
24  the claim in ground six, the court need not decide if this claim was fairly presented because
25  the comparable claim in Petitioner's state post-conviction petition was denied for violating
26  a state procedural requirement.

27  The trial court determined that Petitioner's claim for prosecutorial misconduct (for
28  using perjured testimony) could have been raised in his direct appeal and therefore was

- 8 -

precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure. Because this is an adequate and independent state procedural bar, the claim is procedurally defaulted.

As in ground six, Petitioner contends in his reply that his lawyer's failure to include the claim in his direct appeal constitutes cause for the default. However, Petitioner did not allege ineffective assistance of his direct appeal counsel in his state post-conviction proceedings, nor has he alleged it in his habeas petition. Therefore, any alleged ineffectiveness by his appellate counsel cannot constitute cause for the default. By failing to establish cause and prejudice or a fundamental miscarriage of justice, Petitioner cannot overcome the procedural default. Accordingly, the court will recommend that the claim in ground seven be denied.

**B.      Merits Analysis**

### 1.      AEDPA Standard of Review

Under the AEDPA[4], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails

---

[4] Antiterrorism and Effective Death Penalty Act of 1996.

- 9 -

to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

**2. Ground One**

Petitioner contends in ground one that the trial court violated the Fifth Amendment Double Jeopardy Clause when it permitted a retrial after Petitioner's first trial ended in a mistrial. Petitioner contends that the prosecutor caused the mistrial by intentionally eliciting prejudicial information from the victim. The prosecutor knew the victim was going to testify that Petitioner said during the assault that he did not want to go back to prison, but asked the question anyway.[5] Respondents contend that the prosecutor simply made a good faith error in judgment regarding the admissibility of Petitioner's statement, and that the Arizona Court of Appeals' analysis to that effect was not contrary to or an unreasonable application of Supreme Court law.

The Fifth Amendment Double Jeopardy Clause protects a criminal defendant from multiple prosecutions for the same offense. Oregon v. Kennedy, 456 U.S. 667, 671 (1982). Where a defendant moves for a mistrial, double jeopardy typically does not bar a retrial. Id. at 673. However, where the government's conduct gave rise to the motion and was "intended to 'goad' the defendant into moving for a mistrial," a defendant may raise the double jeopardy bar to prevent a retrial. Id. at 676.

The Arizona Court of Appeals concluded that the prosecutor's conduct in this case did not rise to such a level that double jeopardy bars a retrial. Doc. #12, Exh. O at 4. The court stated:

---

[5] The prosecutor asked the victim during her direct examination if at any point during the beating the defendant threatened her life. She answered:
    Yes. As he was into the beating and as he was – he had his hand up in the air to strike me, and he did, again, and again, he said, "I should just take your life, but I don't want to go back to prison." Doc. #12, Exh. A at 2.

- 10 -

> We first note that despite Defendant's contentions, the record does not indicate the first trial court found the prosecutor's conduct to be improper. There is, perhaps, some criticism of the manner in which the prosecutor handled the issue. However, there is nothing in the record which indicates that the trial court believed the prosecutor knowingly engaged in intentional misconduct for an improper purpose, or with indifference to a mistrial or reversal.[6] The second trial court was of the opinion that mistrial may not have even been warranted, and that there were valid arguments for admitting Defendant's statement. The majority of the prosecutorial behavior addressed in each of the cases cited above was infinitely more egregious when compared to the single question posed here, and without any arguably legitimate purpose. Here, the actions of the prosecutor simply do not rise to a level where double jeopardy prevents retrial. Doc. #12, Exh. O at 4-5.

Although the Court of Appeals relied primarily on Arizona cases that use a somewhat different standard for determining when the government's actions bar a retrial, the analysis is consistent with the Supreme Court standard in <u>Oregon v. Kennedy</u>. After reviewing the record, this court has found nothing to support a finding that the prosecutor intended to goad Petitioner into moving for a mistrial. Petitioner, therefore, has not demonstrated that the Court of Appeals decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, the court will recommend that the claim in ground one be denied.

### 3. Ground Four

Petitioner claims in ground four that his trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner contends that his lawyer (1) failed to obtain the victim's entire medical file; (2) failed to find and interview the "other woman" who Petitioner claims was his alibi and corroborating witness; (3) failed to interview friends and family; (4) failed to obtain transcripts from the first trial to impeach the State's medical expert regarding the age of the victim's injuries; (5) failed to retain a defense

---

[6] While Defendant argues that the State sought to cause a mistrial due to unexpected expert testimony regarding the timing of the victim's injuries, that same witness provided clarification moments later which corroborated the State's version of events and the timing of the injuries.

- 11 -

1  medical expert; (6) failed to conduct an investigation of the crime scene to look for blood
2  evidence; and (7) failed to file any pretrial motions connected with discovery, such as
3  requesting crime scene photos, medical records or prior inconsistent statements by the victim.
4  It appears that some of these claims may not have been raised in the state court. However,
5  Respondents have provided the court with an incomplete copy of Petitioner's state petition
6  for post-conviction relief and therefore the court cannot determine if all the ineffective
7  assistance claims were presented to the state court. The court will therefore address their
8  merits.

9        The two-prong test for establishing ineffective assistance of counsel was established
10 by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an
11 ineffective assistance claim, a convicted defendant must show (1) that counsel's
12 representation fell below an objective standard of reasonableness, and (2) that there is a
13 reasonable probability that, but for counsel's unprofessional errors, the result of the
14 proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong
15 presumption that counsel's conduct falls within the wide range of reasonable assistance.
16 Strickland, 466 U.S. at 689-90.

17       The state trial court found that Petitioner's arguments regarding his attorney's
18 ineffectiveness were unsubstantiated. Doc. #12, Exh. V. The judge stated that "[n]othing
19 he has presented indicates that the result would have been different if counsel had gone to
20 the scene or hired another medical expert." Id. The Arizona Court of Appeals and the
21 Arizona Supreme Court summarily denied review.

22       Regarding Petitioner's first contention that his lawyer failed to obtain all the medical
23 records, Petitioner contends that the records would have shown the victim's injuries were no
24 more than 24 hours old. Because the victim did not seek medical attention until
25 approximately four days after the assault, Petitioner argues that the age of the injuries shows
26 he could not have caused them. Petitioner presents nothing at all to support his claim that
27 the records would show the injuries were less than 24 hours old. He apparently presumes the
28 records would support his contention because of testimony given by the State's medical

expert in the first trial. The expert initially stated that the injuries he observed could not have been more than 24 hours old. Doc. #12, Exh. I at 75. However, he later clarified his testimony and stated that the injuries were consistent with being four or five days old. Doc. #12, Exh. I at 77.

Petitioner fails to explain what records were not obtained and how they would have supported his contention that the injuries were no more than 24 hours hold when the doctors first observed the victim. Petitioner has therefore failed to demonstrate that additional medical records, assuming there were additional records, would have made a difference.

Petitioner's second and third claims of ineffective assistance, that his lawyer failed to find and interview the "other woman," and interview Petitioner's friends and family are without merit. Petitioner claims that this "other woman" (identified as Carol Mann in Petitioner's reply) was Petitioner's alibi and corroborating witness. Petitioner fails to explain how she could be an alibi when Petitioner has not alleged that he was with her at the time the assault on his wife occurred. Moreover, Petitioner's theory of the case, that the victim was drunk, fell down and injured herself, is nothing but pure speculation on his part. Petitioner has no knowledge of any such incident and the trial court would not have allowed Petitioner's counsel to call witnesses to support a theory based on pure speculation. Petitioner goes on at length in his reply about how friends could have testified that the victim was perfectly fine between the date of the assault and when she received treatment. He claims they would have established that she was not in the "semi-comatose" condition alleged by the State. Yet Petitioner fails to provide a single affidavit, declaration or any other evidence to support his claim about what they would have said. For these reasons, Petitioner has failed to demonstrate that his lawyer's decision not to contact the "other woman" or other purported friends and family constituted ineffective assistance.

Petitioner's next claim, that his lawyer failed to obtain transcripts from the first trial to impeach the State's medical expert about the age of the injuries, is factually wrong. Petitioner's counsel cross-examined the doctor about that very issue and referenced the

- 13 -

1 transcript from the first trial during the cross-examination. Doc. #12, Exh. D at 135. Petitioner's claim is meritless.

Petitioner next contends that his lawyer was ineffective for failing to obtain a medical expert. Petitioner contends that a defense medical expert could have shown that the injuries were only 24 hours old. However, Petitioner provides no affidavit from a medical expert or any other basis to show that a defense expert would have rendered such a conclusion with respect to the age of the injuries. Petitioner, therefore, has not shown that retaining a medical expert to testify for the defense would have made any difference.

Petitioner's sixth claim for ineffective assistance alleges that his counsel failed to conduct an investigation of the crime scene. As Respondents point out in their answer, the police did not investigate a "crime scene" because they did not learn of the assault for several days. The victim left her home on April 4, two days after the assault, and stayed with her daughter for two additional days before seeking medical attention on April 6. Doc. #12, Exh. D at 27-28. Moreover, the victim testified that Petitioner ordered her to clean up all the blood from the assault, which she did. Doc. #12, Exh. D at 63-64. Under these circumstances, Petitioner cannot show that his lawyer's failure to investigate the crime scene constitutes deficient performance or that doing so would have affected the outcome.

Petitioner's seventh claim for ineffective assistance alleges that his lawyer failed to file any pretrial discovery motions. He fails to explain in his petition what evidence such motions would have uncovered or how such evidence would have made a difference. In his reply, he claims that "crime scene" photos would have undermined the victim's testimony about the assault. However, Petitioner has not demonstrated that any "crime scene" photos even exist that could have been obtained through a discovery motion. Petitioner's claim is without merit.

For the above reasons, Petitioner has not established that his attorney's performance fell below an objective standard of reasonableness or that the result of the proceeding would have been different. Petitioner, therefore, has not shown that the trial court's order on post-conviction relief denying the claim for ineffective assistance was contrary to, or an

1 unreasonable application of, clearly established federal law or that the order was based on
2 an unreasonable determination of the facts. The court will therefore recommend that the
3 claims in ground four be denied.

### 4. Ground Five

Petitioner contends in ground five that he was prohibited him from testifying in his own defense. He contends in his reply that this is not a claim of ineffective assistance of counsel but rather a violation of his right to testify on his own behalf. However, his petition refers to his lawyer's "refusal" to allow him to testify. Doc. #1 at 23. Then in the reply he appears to argue that the trial court should have addressed Petitioner regarding his failure to testify. Doc. #15 at 21. Regardless, Petitioner's claim is without merit.

As the trial court stated when rejecting this claim on post-conviction relief, "[c]ounsel's advice on testifying was accurate and Defendant never advised the court that he wished to testify despite his counsel's advice." Doc. #12, Exh. V. Petitioner had prior felony convictions that the jury would have learned about if he testified. His lawyer's advice that he not testify was a valid strategic decision to keep that information from the jury. Petitioner's contention that it could have been sanitized sufficiently is unconvincing. Petitioner's claim that his testimony could have made a difference is also not convincing. Petitioner speculates that shortly before the victim sought medical attention she was drunk and fell down, thereby causing the injuries for which she was treated. The victim had left their home two days earlier so he has no knowledge whatsoever that this is what occurred. There was no ineffective assistance on the part of his lawyer in advising him not to testify. Nor was there any error by the trial court in light of the fact that Petitioner never brought the issue to the court's attention. Not until the sentencing hearing did Petitioner complain that "he never had a chance to even speak." Doc. #12, Exh. F at 28.

Petitioner, therefore, has not demonstrated that the trial court's order on post-conviction relief regarding the claim in ground five was contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of

the facts. This court will therefore recommend that Petitioner's claim in ground five be denied.

**C.     Conclusion**

Having determined that grounds two, three, six and seven are procedurally defaulted, and that grounds one, four and five fail on the merits, the court will recommend that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 20th day of December, 2007.

_____
Edward C. Voss
United States Magistrate Judge