**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Ray Washington, ) | No. CV 07-0008-PHX-JAT |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dora Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). On December 20, 2007, the Magistrate Judge issued a Report and Recommendation (Doc. # 17) ("R&R") recommending that the Petition be denied. On January 14, 2008, Petitioner filed Objections (Doc. # 20) to the R&R. No response to the Objections was filed.

**Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); Schmidt v. Johnstone, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not

required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985) (emphasis added); see also 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). As indicated above, Petitioner filed Objections in this case. Accordingly, the Court will review the portions of the R&R to which an objection was made *de novo*.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2), this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law"[1] or was based on an unreasonable determination of the facts. Lockyer v. Andrade, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); Ortiz v. Stewart, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

---

[1] Further, in applying "federal law" the state courts only need to act in accordance with Supreme Court case law. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003)("In attempting to answer [whether the state court applied federal law in an objectively reasonable manner], the *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams [v. Taylor], 529 U.S. [362], 412 [(2000)]. While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. See Williams, 529 U.S. at 412 ('The . . . statutory language makes clear . . . that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.')."

**Discussion**

  **A.**  **Objections to Procedural Default (Grounds two, three, six and seven)**

  After correctly reciting the standard for procedural default, the R&R found that grounds two, three, six, and seven of the Petition are procedurally defaulted. Specifically, the R&R found that Petitioner failed to raise the Sixth Amendment right to a fair and impartial jury claim stated in ground two in state court, and, therefore, ground two is procedurally defaulted. (R&R at 5.) In ground three, the R&R found that Petitioner failed to raise a federal basis for his claim of inadequate jury instruction. (Id. at 6.) The Magistrate Judge therefore concluded that by failing to present the federal claim in state court, Petitioner failed to exhaust his state court remedies and ground three is defaulted. (Id.) In ground six, Petitioner failed to satisfy a state court procedural requirement when bringing his due process and equal protection claims of suppressing evidence, and, therefore, his claim on this ground is also procedurally defaulted. (Id. at 7.) Finally, the R&R found that Petitioner's claim in ground seven, that the state knowingly used perjured testimony, was similarly procedurally barred because Petitioner's comparable claim in his state post-conviction petition was denied for violating a state procedural requirement. (Id. at 9.)

  Petitioner raises objections to the R&R's procedural default analysis. Specifically, Petitioner argues that the procedural default should be excused because: (1) there is cause for the default and prejudice therefrom; and (2) the conviction in this case is a fundamental misarrange of justice. (Objections at 3.)

    **1.**  **Cause and Prejudice**

  Petitioner first objects to the procedural bar on the grounds that there is cause to excuse the default. The Supreme Court has ruled that cause "under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991). Further, attorney ignorance or inadvertence is ordinarily not considered cause unless it rises to the level of ineffective assistance of counsel. Id. However, ineffective assistance of counsel can establish cause

1 under the procedural default analysis only when it rises to the level of an independent
2 constitutional violation. Id. at 755.  Therefore, as the Magistrate correctly points out, before
3 ineffective assistance of counsel can be used to establish cause, exhaustion requires a
4 petitioner to first raise an ineffective assistance of counsel claim separately in state court.
5 Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988).  In order to fairly present a claim
6 in state court, Petitioner must reference a specific federal constitutional guarantee, along with
7 facts that entitle Petitioner to relief.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008).

8 Here, the R&R found that on grounds two and three, Petitioner failed to allege any
9 cause at the state level.  (R&R at 5-7.)  On grounds six and seven, the R&R found that
10 Petitioner failed to raise ineffective assistance of his appellate counsel at the state level, and,
11 therefore, is barred from now raising the claim to show cause. (Id. at 8-9.)  Petitioner alleges
12 in his Objections that Exhibits C, D, and E attached to his Traverse, and Exhibits A, B, and
13 C attached to his Objections, show that Petitioner insisted that his attorney not file any papers
14 with the court without Petitioner's approval.  (Objections at 4.)  Petitioner also cites several
15 circuit court cases to show that ineffective assistance of counsel can constitute cause to excuse
16 a procedural default.  (Id. at 5-7.)

17 Petitioner's argument, however, fails to adequately address the fact that Petitioner
18 never made an independent claim of ineffective assistance of his appellate counsel in state
19 court.  All of the exhibits Petitioner cites show that Petitioner objected to his appellate
20 counsel's filing of briefs in order to argue that Petitioner did not waive any of his claims.
21 Petitioner at no time makes an independent claim of ineffective assistance of his appellate
22 counsel in any of his petitions for post-conviction relief.

23 Petitioner also cites Davis as supplemental authority to argue that *pro se* litigants
24 should be given leniency when determining whether a petitioner has fairly presented a claim
25 of ineffective assistance of counsel.  (Mot. for Leave to File Supplemental Authority at 1-2.)
26 Petitioner argues that applying Davis's more lenient standard for *pro se* litigants, the Court
27 should infer from Petitioner's objections in state court that he made an independent claim of
28 ineffective assistance of his appellate counsel.  (Objections at 10.)   The Davis Court does

- 4 -

1 reference a more lenient standard when reading a *pro se* petition, but it does not remove the
2 exhaustion requirement entirely.  Petitioner must still cite, or attempt to cite, a specific
3 constitutional guarantee along with facts that support the Petitioner's claim for relief.  Davis,
4 511 F.3d at 1008.  Although Petitioner alleged ineffective assistance of his trial counsel in
5 state court, and makes objections to his appellate counsel's actions to argue that there is cause
6 for the procedural default of his claims, Petitioner has never attempted to allege an
7 independent claim of ineffective assistance of his appellate counsel in any of his petitions for
8 post-conviction relief or this habeas Petition.  Petitioner makes no other showing of cause and
9 prejudice for the procedural default of grounds two, three, six, and seven.  Therefore, the
10 Court will adopt the R&R's recommendation that Petitioner failed to show cause and
11 prejudice to excuse the procedural default of these claims.

### 2. **Miscarriage of Justice**

13      Petitioner also argues in his Objections that the procedural default of his claims should
14 be excused because there has been a miscarriage of justice.  The Court may hear the merits
15 of procedurally defaulted claims if a petitioner shows that there has been a miscarriage of
16 justice.  Sawyer v. Whitley, 505 U.S. 333, 339 (1992).  In order to show that there has been
17 a miscarriage of justice, Petitioner must either present new evidence or "present evidence of
18 innocence so strong that the court cannot have confidence in the outcome of the trial." Schulp
19 v. Delo, 513 U.S. 298, 317 (1995).  Such evidence must show that "it is more likely than not
20 that no reasonable juror would have convicted him in light of the new evidence." Schulp, 513
21 U.S. at 327.

22      Here, Petitioner refers to attached Exhibit F in his Objections, a letter written by the
23 victim, along with similar letters filed with his Petition, as new evidence of his innocence.
24 He claims that because the victim alludes to her lack of memory in the letters, and the state's
25 entire case rests on her testimony, that he has shown that there has been a miscarriage of
26 justice. (Objections at Ex. F.) In the letters cited by Petitioner, however, the victim at no time
27 states that she does not remember anything about the event, that she lied during her testimony,
28 or that someone else is responsible for her injuries.  Petitioner fails to raise any other grounds

- 5 -

1  to show that he is actually innocent. Therefore, Petitioner has failed to show that it is more
2  likely than not that no reasonable juror would have convicted him in light of the letter
3  evidence, and the Court will adopt the R&R's recommendation that grounds two, three, six,
4  and seven are procedurally defaulted, and no excuse to overcome procedural default applies
5  in this case.

### B. Merits Objections

7  Petitioner makes three legal objections to the R&R. Specifically: 1) Petitioner claims
8  that Double Jeopardy should apply to his second trial; 2) Petitioner claims that his trial
9  counsel was ineffective for several reasons; and 3) Petitioner claims that he was denied his
10 constitutional right to testify on his own behalf. Alternatively, Petitioner argues that he is
11 entitled to an evidentiary hearing.

### 1. Double Jeopardy (Ground 1)

13 Petitioner objects to the R&R's recommendation that ground one be denied because,
14 Petitioner argues, the trial court violated the Double Jeopardy Clause when it permitted the
15 Petitioner to be retried after the first trial resulted in a mistrial. (Objections at 11.) The
16 Magistrate Judge correctly states that Double Jeopardy applies after a mistrial when the state's
17 action gives rise to the motion and the action is intended to "goad" the defendant into seeking
18 a mistrial. (R&R at 10-11) (citing Oregon v. Kennedy, 456 U.S. 667, 676 (1982).)

19 Petitioner argues that the prosecutor intentionally elicited prejudicial testimony from
20 the victim in order to get a mistrial. (Objections at 12.) Specifically, Petitioner argues that
21 the prosecutor pursued the line of questioning in an attempt to obtain a mistrial to get "another
22 bite of the apple." (Id. at 12-13.) Petitioner reasons that the prosecutor wanted a mistrial
23 because a witness at the trial level originally testified, as Petitioner now alleges, that the
24 victim's injuries could not have been more than 24 hours old when she was examined by
25 medical staff. (Id. at 12.) Had the trial continued without a mistrial, Petitioner argues, the
26 jury would have found a verdict of not guilty. (Id.) The R&R examined the trial record and
27 the Arizona Court of Appeal's analysis, which states that there is no evidence in the record
28 to "support a finding that the prosecutor intended to goad Petitioner into moving for a

mistrial." (R&R at 11.) As a result, the R&R then recommends that Petitioner's Double Jeopardy claim is not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. (Id.)

After a review of the record, it appears that the prosecutor's purpose in pursuing the line of questioning was to get in evidence he felt should have been admissible. (Doc. # 12, Ex. O at 2.) Further, Petitioner's claim that he would have been found not guilty after the state's witness first testified that the injuries were 24 hours old is without merit because the witness soon clarified his statement and corroborated the state's time line of events. Petitioner claims that the trial judge's consultation with other judges before ruling on the motion for mistrial is evidence of the prosecutor's misconduct. This only highlights, however, that the decision to grant a mistrial was a close call and is not evidence of prosecutorial misconduct. There is no other evidence in the record to show that the prosecutor elicited testimony for the purpose of obtaining a mistrial. Therefore, the Court will accept the R&R's recommendation that Petitioner's ground one be denied.

### 2. Ineffective Assistance of Counsel (Ground 4)

Petitioner makes five objections to the R&R's finding that Petitioner's ineffective assistance of counsel claim, with respect to his trial counsel, is without merit. Specifically, in his Objections, Petitioner argues that his counsel was ineffective because: 1) Petitioner's counsel failed to obtain the victim's medical file; 2) Petitioner's counsel failed to find and interview Ms. Mann and Mr. Connor as potential witnesses; 3) Petitioners's counsel failed to interview friends and family as potential witnesses; 4) Petitioner's counsel failed to obtain a medical expert; 5) and Petitioner's counsel failed to investigate the crime scene and records of previous allegations made by the victim. (Objections at 14-19.) The R&R correctly states that in order to prevail on an ineffective assistance of counsel claim, the Petitioner must show "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (R&R at 12) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984).) Further, there is a strong presumption that the counsel's

- 7 -

conduct falls within the range of what is considered reasonable assistance.  (Id.)  The Court will now address each one of Petitioner's Objections to the R&R's analysis of Petitioner's ineffective assistance of counsel claim.

### a. Failure to Obtain the Victim's Medical File

First, Petitioner objects to the R&R's recommendation that Petitioner's claim of ineffective assistance of counsel, with regards to counsel's failure to obtain the victim's medical file, be denied.  The R&R recommends that ground four be denied because Petitioner failed to explain exactly which records he wishes to obtain and how they would support his argument that the victim's injuries were not more than 24 hours old.  (R&R at 13.)  In Petitioner's Objections, he argues that if he were able to obtain the victim's medical records he could show both when the injuries occurred and whether or not there were defensive wounds. (Objections at 14.)  Petitioner states that "history has shown . . . . there will always be defensive wounds" when someone is assaulted, from the front, while conscious.  (Id.)

Petitioner's Objections fail, however, to show that the records will support his argument that he did not assault the victim.  Rather, he merely speculates as to what the records could prove.  (Id. at 15.)  Petitioner explicitly states in his Objections that "it is impossible to say whether other injuries existed [or whether the victim's injuries] were defensive."  (Id. at 15.)  With only speculation as to what the records could show, Petitioner has not shown that if counsel had obtained the records, the result of the proceeding would have been different.  Therefore, this Court adopts the R&R's recommendation that Petitioner's ineffective assistance of counsel claim, pertaining to obtaining the victims medical records, be denied.

### b. Failure to Find and Interview Additional Witnesses

Petitioner next objects to the R&R's conclusion that counsel's failure to interview two additional witnesses does not rise to the level of ineffective assistance of counsel.  In Petitioner's Objections, he cites a letter from Ms. Carole Mann, Exhibit G attached to Petitioner's Objections, to a previous court, concerning bond, where she states that she was with Petitioner the night of the assault.  (Objections at 15.)  Petitioner argues that Ms. Mann

1 could have testified to Petitioner's alibi and to the victim's motive for bringing false
2 accusations against Petitioner. (Id.) Petitioner further claims that the testimony of another
3 witness, Mr. Connor, could show the victim was not injured at the time testified to at trial and
4 could be used to impeach the victim's credibility. (Id. at 16.) The R&R recommends the
5 claim be denied on the ground that Petitioner has not previously alleged that Ms. Mann could
6 provide Petitioner an alibi. Also, the R&R reasons that Petitioner's story that the victim got
7 drunk and fell down is speculation with no evidentiary support. (R&R at 13.)

8       Here, Petitioner does not allege anywhere in the record that he was with Ms. Mann
9 at the time of the assault. Further, the attached letter does not show that Ms. Mann would now
10 testify, under oath, to support Petitioner's claims. Similarly, Petitioner has not presented any
11 evidence to the Court, beyond his speculation, that Ms. Mann or Mr. Connor would testify to
12 any of the facts listed by Petitioner. Petitioner's claim that he can not find the witnesses to
13 provide such evidence, due to being incarcerated, does not adequately address the fact that
14 Petitioner's account of what the witness's testimony would be is based on Petitioner's
15 speculation. Further, Petitioner fails to show that even if counsel's failure to find and
16 interview these witnesses fell below an objectively reasonable standard, the outcome of the
17 trial would be different if the jury heard their testimony. Therefore, the Court will adopt the
18 R&R's analysis denying Petitioner's claim of ineffective assistance of counsel for failing to
19 interview Ms. Mann and Mr. Connor.

      **c.**    **Failure to Interview Friends and Family**

21       Petitioner next objects to the R&R's analysis of his ineffective assistance of counsel
22 claim with respect to counsel's failure to interview friends and family members. The R&R
23 found no merit to this claim because Petitioner fails to provide the court with any affidavit,
24 declaration, or any other evidence to show what each family member would have stated in
25 their testimony. (R&R at 14.) Petitioner argues that these witnesses could testify that the
26 victim was not injured at the time the state claims, but rather her injuries were only 24 hours
27 old. (Objections at 17.) Petitioner merely speculates, however, as to what these individuals
28 would have stated to the court in their testimony. Further, Petitioner fails to show that the

1 outcome at trial would have been different, if they had been interviewed. The R&R
2 concludes, and this Court agrees, that the trial court would not have allowed these witnesses
3 to speculate on the cause of the victim's injuries or when the injuries occurred. (Id. at 13.)
4 Therefore, the Court adopts the R&R's recommendation that Petitioner's ineffective
5 assistance of counsel claim based on counsel's failure to interview Petitioner's family and
6 friends as potential witnesses be denied.

### d. Failure to Retain a Defense Medical Expert

Petitioner next objects to the R&R's recommended denial of his ineffective assistance of counsel claim premised on counsel failure to retain a medical expert. Petitioner claims that if his counsel had retained a medical expert, he could have shown whether or not the state's allegations about the victim's injuries were accurate. (Objections at 18.) He further argues that his counsel was not educated about the medical terms discussed at trial and counsel was confused by the state's expert's testimony. (Id.) Petitioner also objects to the Magistrate Judge's recommendation on the ground that the Magistrate Judge did not address case citations given in Petitioner's pleadings that Petitioner argues support a successful ineffective assistance of counsel claim for a failure to retain a defense medical expert. (Id.)

Although Petitioner cites some authority that discusses a claim for ineffective assistance of counsel, Petitioner must still show that his claim meets the two requirements stated in Strickland to prevail on an ineffective assistance of counsel claim. Petitioner fails to show that a defense medical expert would testify that the victim's injuries were more than 24 hours old. Further, Petitioner admits that a defense expert may even confirm the state's allegations concerning when the victim was injured. (Id.) There is no evidence that counsel's judgment in not obtaining a medical expert fell below an objectively reasonable standard. Therefore, the Court will adopt the R&R's recommendation that Petitioner's ineffective assistance of counsel claim for counsel's failure to retain a medical expert be denied.

            e.        **Failure to Conduct an Investigation of the Crime Scene and Previous Allegations Made by the Victim**

Next, the Petitioner objects to the R&R's finding that counsel's failure to investigate the crime scene does not constitute ineffective assistance of counsel. The R&R concludes that an investigation would not have made a difference because the victim waited several days before reporting the crime and testified that she cleaned up the area where she was injured. (R&R at 14.) Petitioner objects, arguing that blood spatter can be traced, even if it is wiped cleaned. (Objections at 19.) Petitioner admits, however, that he does not know what evidence an investigation of the crime scene would produce, and he is speculating as to what counsel would have found. (Id. at 19.) Further, Petitioner has failed to show that if Petitioner's counsel had found an absence of blood in the residence, the outcome of the trial would have been different. Therefore, the Court adopts the R&R's recommendation that Petitioner's ineffective assistance of counsel claim be denied with regard to counsel's failure to investigate the crime scene.

Petitioner also argues in his Objections that counsel was ineffective because he failed to investigate previous allegations made by the victim by reviewing police records and previous court transcripts. (Id. at 17.) Petitioner argues that if counsel had conducted a more thorough investigation, he would have learned that the victim had a habit of making false accusations. (Id.) Petitioner also argues that counsel would have found police reports showing repeated complaints filed against the Petitioner that did not result in an arrest. (Id.) Petitioner cites attached Exhibit E, a transcript of a hearing in court where the victim accuses him of domestic violence, to make the same point. (Id.) The R&R does not specifically address counsel's failure to investigate police reports or the hearing referenced in Exhibit E.

Petitioner fails to show that even if counsel had investigated previous allegations that did not result in an arrest, the outcome of his trial in this case would have been different. The attached Exhibit E includes the victim's testimony from a previous allegation, which states that the victim herself is responsible for initiating a fight with Petitioner that resulted in the victim suffering injuries. (Objections Ex. E.) This testimony does not show that Petitioner

1  was innocent of assaulting the victim in the case that gave rise to this habeas Petition.
2  Further, it is reasonable that counsel would not reference such a hearing because that
3  reference would highlight the fact that Petitioner had previously been accused of domestic
4  violence. Therefore, the Court denies Petitioner's ineffective assistance of counsel claim
5  based on counsel's failure to investigate the victim's previous allegations against Petitioner.

6        For the above reasons, the Court will adopt all of the R&R's recommendations on
7  Petitioner's ineffective assistance of counsel claim. Therefore, the Court finds that Petitioner
8  has failed to show that the trial court's order on post-conviction relief denying his ineffective
9  assistance of counsel claim was contrary to, or an unreasonable application of, clearly
10 established federal law or that the order was based on an unreasonable determination of the
11 facts.

12                   **3.     Petitioner's Right to Testify (Ground 5)**

13       Petitioner next objects to the R&R's recommendation that Petitioner's ground five,
14 claiming that he was prohibited from testifying in his own defense at trial, be denied. A
15 defendant has the right to testify on his own behalf. US v. Pino-Noriega, 189 F.3d 1089, 1094
16 (9th Cir. 1999). Further, if a defendant is going to waive his right to testify, the waiver must
17 be knowing and intentional. Id. However, while a wavier to the right to testify must be
18 knowing and voluntary, it need not be explicit. Id. Finally, there is no requirement that the
19 trial court affirmatively inform defendants of their right to testify or inquire into whether the
20 defendant wishes to testify. Id.

21       Here, Petitioner claims in his Objections that counsel prohibited Petitioner from
22 testifying by threatening to withdrawal as counsel. (Objections at 20.) Viewing this in terms
23 of an ineffective assistance of counsel claim, the R&R found that counsel's advice that
24 Petitioner not testify was sound, given his past criminal activity. (R&R at 15.) Further, the
25 R&R found that Petitioner's testimony would not have made a difference in his trial because
26 his theory that the victim was injured by falling down, rather than being assaulted, is pure
27 speculation. (Id. at 16.) The Court agrees with the Magistrate Judge's analysis and also finds
28

nothing in the record to support Petitioner's claim that he was prohibited from testifying by his trial counsel.

Petitioner also argues that his constitutional right to testify was violated by the trial court. (Objections at 20-21.) The R&R found no error by the trial court because Petitioner failed to ever bring the issue to the court's attention. (Id.) Petitioner argues that it is the court's responsibility to verify Petitioner's waiver to testify, and he can therefore not be faulted for failing to inform the court of his desire to testify. (Id.) Petitioner makes a misstatement of law, however, when stating that the court has an affirmative duty to inquire into Petitioner's decision not to testify. Federal law does not require such an inquiry. See Pino-Noriego,189 F.3d at 1094. Therefore, the Court adopts the R&R's recommendation that Petitioner's ground five be denied.[2]

### 4. Petitioner's Request for an Evidentiary Hearing

Finally, Petitioner argues that he is entitled to an evidentiary hearing because the state failed to adequately develop the facts by not holding a hearing. (Objections at 23.) In order to qualify for an evidentiary hearing, Petitioner must both "(1) allege facts, which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of trial or in a collateral proceeding." Belmontes v. Woodford, 350 F.3d 861, 890-91 (9th Cir. 2003). Petitioner argues that an evidentiary hearing is required because the Petitioner has shown that a denial will result in a fundamental miscarriage of justice and to present rebuttal evidence against the presumption of correctness of the state proceedings. (Objections at 23.)

---

[2] Specifically, as the R&R recounts, this claim was exhausted in state court as an ineffective assistance of counsel claim, and this Court finds that the state court's conclusion (that counsel's advice not to testify was not ineffective assistance) was not contrary to or an unreasonable application of clearly established federal law nor based on an unreasonable determination of the facts. Further, to the extent this Court has considered the merits of this claim independent from reviewing the claim solely as an ineffective assistance claim, this Court has concluded that the claim should be denied on its merits notwithstanding the fact that the claim in this form was not exhausted in state court. *See* 28 U.S.C. § 2254(b)(2).

- 13 -

As analyzed above, Petitioner has failed to show that there has been a miscarriage of justice and that he is actually innocent. All of Petitioner's allegations are speculative and uncorroborated. Further, even if Petitioner's allegations were proven true, Petitioner would not be entitled to relief. Therefore, the Court will deny Petitioner's request for an evidentiary hearing.

**Conclusion**

Based on the foregoing, and having considered the portions of the R&R subject to objection *de novo*,

**IT IS ORDERED** that the R&R (Doc. #17) is accepted and adopted and the Objections (Doc. #20) are overruled; the Petition is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing (Doc. #20 at 21-24) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Supplementary Authority (Doc. #21) is **GRANTED** to the extent that the Court considered Davis v. Silva in reaching its ruling.

DATED this 22nd day of April, 2008.

_/s/ James A. Teilborg_
James A. Teilborg
United States District Judge